IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| AMERIHOME MORTGAGE COMPANY, LLC, <br>     Plaintiff, <br><br> VS. <br><br> DELIA NUNEZ MORENO AND UNITED STATES OF AMERICA, ON BEHALF OF THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, <br>     Defendants. | § § § § § § § § § § § § §     CIVIL ACTION NO. |

**PLAINTIFF'S ORIGINAL COMPLAINT**

AmeriHome Mortgage Company, LLC ("Plaintiff") complains of Defendants Delia Nunez Moreno and United States of America, on behalf of the Secretary of Housing and Urban Development, stating as follows:

### I.    Parties & Jurisdiction

1. Plaintiff is a limited liability company and it may be served in this matter through its attorney of record.

2. Defendant Delia Nunez Moreno, on information and belief, is a resident of Whitfield County, Georgia, which is in the Northern District of Georgia, Atlanta Division and on information and belief, resides at 814 Mattie Drive, Dalton, GA 30721, and may be served at that address.

3. Defendant, United States of America on Behalf of the Secretary of Housing and Urban Development ("HUD"), can be served with process by sending copies of the summons and complaint by certified mail to Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530, to the Civil Process Clerk, United States Attorney for the Northern District of Georgia, 75 Ted Turner Dr. SW, Suite 600, Atlanta, GA 30303, and to Secretary of

Housing and Urban Development, 451 Seventh Street, SW, Washington, DC 20410.

4. By this suit, Plaintiff seeks foreclosure of that certain real property located in DeKalb County, Georgia.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2410, as Plaintiff seeks to foreclose a lien on real property in which HUD, as an agency of the United States, holds a subordinate lien interest. Section 2410 expressly waives the United States' sovereign immunity in any civil action to foreclose a mortgage or lien where the United States, or an officer thereof, has or claims a lien or other interest in the property. Because the Secretary of HUD, in their official capacity, holds a junior lien on the subject property, this Court has jurisdiction to adjudicate the foreclosure proceedings and determine the rights of all lienholders, including HUD's interest. Additionally, jurisdiction is proper under 28 U.S.C. § 1331, as the matter involves the interpretation and enforcement of federal laws governing HUD's lien rights.

6. The Court has general and specific jurisdiction over all the Defendants that are domiciliary of Georgia or have sufficient contact with the forum state. *Daimler AG v. Bauman,* 571 U.S. 117 (2014). The Court has personal jurisdiction over the Secretary of HUD because the Secretary, through its junior lien on real property located within the State of Georgia, has purposefully availed itself of the privilege of conducting activities within Georgia, thus invoking the benefits and protections of its law. Similarly, the named Defendants, through their respective interests in the real property located within the State of Georgia, have purposefully availed themselves, as well. Therefore, the exercise of personal jurisdiction over the named Defendants, including the Secretary of HUD, is consistent with traditional notions of fair play and substantial justice.

7. Venue is proper in the Northern District of Georgia, Atlanta Division under 28

U.S.C. § 1391(b) and 28 U.S.C. § 90(a)(3) because that is the district and division in which at least one Defendant resides, and because that is the district and division in which the real property that is the subject of this action is situated.

## II.    BREACH OF CONTRACT

8.   On August 21, 2019, Defendant Delia Nunez Moreno ("Borrower") made, executed and delivered to Panorama Mortgage Group, LLC dba Alterra Home Loans ("Lender"), a certain Promissory Note ("Note"), in writing, whereby Borrower, in exchange for an extension of credit and/or funds advanced, promised to pay to the order of Lender $168,491.00 plus interest. A true and correct copy of the Note is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 1**. Thereafter, Lender indorsed the Note and the same was assigned to Plaintiff.

9.   On August 21, 2019, Borrower executed a certain Security Deed ("Security Instrument"), to secure the Note with certain real property, to wit:

> **ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 49 IN THE 9TH DISTRICT AND 3RD SECTION OF MURRAY COUNTY, GEORGIA, BEING DESIGNATED AS LOT NO. 1 OF HUNTERS` RIDGE PHASE 2, AS SHOWN ON A PLAT OF SURVEY THEREOF, PREPARED BY DONALD O. BABB, GEORGIA REGISTERED LAND SURVEYOR NO. 2029, DATED AUGUST 7, 2018, AND BEING RECORDED IN PLAT BOOK E2019, PAGE 52, IN THE OFFICE OF THE CLERK OF THE SUPERIOR COURT OF MURRAY COUNTY, GEORGIA, REFERENCE TO WHICH PLAT IS HEREBY MADE AND INCORPORATED HEREIN BY REFERENCE FOR A MORE PARTICULAR DESCRIPTION OF SAID LAND.**

Said real property having a reported mailing address of 411 Long Road, Chatsworth, GA 30705 ("Property"). By executing the Security Instrument, Borrower granted a lien on and recourse to the Property for a breach thereunder. A true and correct copy of the Security Instrument is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 2**.

10.   Plaintiff is the record assignee of the Security Instrument under that certain

Assignment of Security Deed filed and recorded in the Official Public Records of Murray County, Georgia as Book 00995 Page 00037, a copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 3**.

11. The obligation evidenced by the Note and Security Instrument is also hereinafter referred to as the "Loan."

12. Borrower, to Plaintiff's detriment, has failed and refused to pay amounts that have come due under the Loan, although demand for payment was made. Plaintiff caused to be provided to Borrower at least one proper notice of the default described herein and its intent to accelerate the indebtedness ("Notice of Default"), a true and correct copy of which is attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 4**. Each occurrence of non-performance by the Borrower under the Loan as herein described is a breach thereunder.

13. Borrower's continued breach under the Loan has directly and proximately caused damages to Plaintiff in that amounts due to Plaintiff remain unpaid, and in that Plaintiff is incurring fees and expenses to enforce its rights under the Loan and to protect its security interest in the Property.

14. Borrower has not cured the default described in the Notice of Default. Consequently, Plaintiff has and/or does hereby exercise its right under the Security Instrument to require immediate payment in full of all sums secured thereunder. Plaintiff's records reflect that the unpaid principal balance due and payable under the Loan and secured under the Security Instrument, exclusive of interest, late fees, costs, advances, attorneys' fees, and attorneys' costs, was $148,642.75 as of May 1, 2025.

15. For consideration, Borrower promised to repay the Loan in installments. Borrower breached such promise to the detriment of Plaintiff. Thus, and in accordance with O.C.G.A. § 9-

11-54(d), Plaintiff is entitled to a judgment quantifying the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorneys' fees and expenses, advances, costs, and post-judgment interest), and foreclosure upon the lien against the Property securing such amount.

### III.   INTERESTS OF HUD AND OTHER SUBORDINATE LIENHOLDERS

16. Defendant HUD is named herein as a defendant because it claims an interest in the Property under the terms of that certain Partial Claim Security Deed filed and recorded in the Official Public Records of Murray County, Georgia on November 7, 2022 as Book 1038 Page 524, and that certain Partial Claim Security Deed filed and recorded in the Official Public Records of Murray County, Georgia on May 29, 2024 as Book 1077 Page 549, copies of which are attached hereto and incorporated by reference herein as **Plaintiff's Ex. No. 5**. This interest is subordinate and inferior to Plaintiff's interest in the Property. Plaintiff is not seeking monetary relief from this Defendant.

### IV.   CONDITIONS PRECEDENT

17. By virtue of filing this Complaint, Plaintiff hereby accelerates all sums due under the Loan and demands payment in full of the said amount.

18. Borrower's failure to comply with this demand entitles Plaintiff to seek foreclosure of the Property.

19. All conditions precedent to the relief requested herein by Plaintiff have been performed or have occurred.

### V.   ATTORNEYS' FEES

20. The Loan provides that in the event of foreclosure, and insofar as allowed by O.C.G.A. § 9-11-54(d), Plaintiff may be awarded all expense incurred in pursuing remedies

provided for thereunder, including reasonable attorneys' fees and costs, expenses, or advances made necessary or advisable or sustained by Plaintiff because of the default or in order to protect its security interest. Plaintiff has retained Marinosci Law Group, P.C., and agreed to pay it reasonable attorneys' fees and costs incurred relative to this proceeding and to protect Plaintiff's security interest in the Loan.

**PRAYER**

WHEREFORE, AmeriHome Mortgage Company, LLC prays that after service of process is completed as to all Defendants, then the Court quantify the amount chargeable to the Property in respect of the Loan (including, principal, pre-judgment interest, reasonable attorney's fees and expenses, advances, costs, and post-judgment interest) and grant foreclosure upon the lien securing such amount as remedy to Plaintiff for the breach of contract by Borrower as herein alleged, deem all junior lienholders' interests in the Property inferior to the superior interest of Plaintiff, and for all other relief the Court deems appropriate.

DATE: November 26, 2025

        Respectfully submitted,
        MARINOSCI LAW GROUP, P.C.

        */s/ Shantel Martin-Jones*
        Shantel Martin-Jones / GA Bar No. 950172
        3400 Peachtree Road NE, Suite 649
        Atlanta, GA 30326
        Phone: 401.234.9200
        Fax: 972.331.5240
        Email: smjones@mlg-defaultlaw.com
        **ATTORNEY FOR PLAINTIFF**
        **AMERIHOME MORTGAGE COMPANY, LLC**